UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

FEDERICO TERAN,

              Debtor.

Case No. 09-37858
Chapter 13

---

MEMORANDUM DECISION ON THE BANK OF NEW YORK MELLON
TRUST COMPANY'S OBJECTION TO CONFIRMATION OF AMENDED PLAN

---

      The debtor filed a chapter 13 petition and plan on December 17, 2009, and an amended plan on February 2, 2010. The secured mortgage lender, The Bank of New York Mellon Trust Company, National Association, opposed confirmation, finding the following provision objectionable:

> 4. Mortgage Holder/Servicer Obligations. The holder and/or servicer of a mortgage claim shall provide to the debtors, a notice of any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which the holder and/or servicer contends are 1) allowed by the note and security agreement and applicable nonbankruptcy law, and 2) recoverable against the debtors or the debtors' account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the trustee's final account under Bankruptcy Rule 5009.

(Chapter 13 Amended Plan, p. 6, filed February 2, 2010). The creditor argued the plan provision is unduly onerous and burdensome to the creditor, and there is a mechanism under the local rules whereby the debtor can learn of any outstanding fees, costs and charges. The debtor argued the provision did not place any undue burden upon the creditor, as this Court has previously held.

      This is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction under 28 U.S.C. § 1334. This decision constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

      This Court previously allowed the same provision in *In re Patton*, Case No. 08-23038,

reasoning:

> [M]any debtors have been surprised when no notice or demand was made for added fees while the plan was in effect, but when the demand came after completion of the plan and discharge, the debtors were unable to pay and sometimes faced foreclosure. Once the bankruptcy is over, a debtor has no forum in which to contest these charges, except to wait for the foreclosure. This is an expensive and dangerous way to bring the matter before a court to decide, for example, whether inspection fees are proper.
>
> Some creditors are hesitant to send notice of fees charged postpetition, such as inspection fees and bankruptcy related attorney fees, for fear this would be a violation of the automatic stay. They fear they might be subject to sanctions even though the fees are legitimate and provided for in the contract. . . .
>
> The plan provision does not deny or, in any way, change the creditors' right to charge these fees; it merely establishes a procedure so the debtors know of the charge, and the debtors have a forum in which to object to the propriety of the fees around the time they are charged. Giving the parties a forum to decide disputes does not change the substantive right to the charges. The provision proposed by the debtors only requires an annual notice of these charges, which is not an unreasonable burden. ... The proposed notice requirement in the plans is allowed.
>
> One cannot help but observe that failure to give the notice does not necessarily mean that the charges cannot be made or that they are waived. Waiver would be inconsistent with the nonmodification provision of 11 U.S.C. § 1322(b)(2). Creditors should not, however, be encouraged to fail to comply with the order of confirmation, as there could be consequences.

*In re Patton*, Case No. 08-23038, pp. 7-8 (Bankr. E.D. Wis. November 19, 2008) (citations omitted).

Since the *Patton* decision was rendered, this district adopted a local rule which addresses the very issue at hand:

> Chapter 13; Demand for Itemization of Charges Accrued During Plan. Upon request of the debtor to a creditor secured by real estate, the creditor shall provide to the debtor, within 28 days after demand, a statement itemizing any unpaid charges that have accrued during the pendency of the bankruptcy case.

Bankr. E.D. Wis. L.R. 3002 (adopted May 5, 2009). The creditor argues the new local rule provides the appropriate mechanism for the debtor to find out if there are accrued charges during the case so that they can be addressed by the court while the case is still open. *See* Comment to

2

Bankr. E.D. Wis. L.R. 3002.

The new local rule does indeed provide a mechanism for deciding disputes related to post-petition charges. The only difference between the new local rule and the proposed plan provision is who takes the laboring oar in finding out if such charges have been made. Under the local rule the debtor will only find out about the charges if he or she requests the information. Under the debtor's proposed plan provision, the creditor must notify the debtor once per year. I still think requiring an annual notice is not too great a burden to put on a creditor, and it does not run afoul of the statute as it has no effect on the creditor's substantive right to make those charges. Every notice will not necessarily generate an objection, and debtors will be able to be prepared to pay if they know they are being charged. Requiring debtors to take the initiative may cost more in legal charges, and it might not occur to most debtors to do so, with the resulting surprise and inability to pay described in *Patton*. Commercial creditors are set up to send out various types of notices, and since this information must be provided upon request, they should be able to do it routinely. Letting debtors know about charges is fair, and an annual notice is not too much to ask of the entity doing the charging. If there is nothing "onerous" about providing the information upon request, there is nothing "onerous" about doing so once a year.

The creditor's objection is overruled, and the debtor's plan provision for notice is allowed.

April 23, 2010

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court